McMILLIN, C.J.,
dissenting:
¶ 17. I respectfully dissent as to the majority’s decision to reverse the jury verdict in Powe’s favor because the jury was instructed on the principle of unavoidable accident. The unavoidable accident instruction was properly given, since it was both a correct statement of the law and was supported by evidence in the record. See Turner v. Temple, 602 So.2d 817, 823 (1992). Powe’s theory was that a sudden and unforeseeable collapse of his knee caused him to fall and lose control of the boat and that this was the proximate cause of the accident, as opposed to the various theories of negligence advanced by the plaintiff.
¶ 18. The majority finds the instruction improper, not because it incorrectly recites the applicable law, but because “Powe was aware of his history of reoccurring knee problems, but chose to operate the power boat on a crowded river while standing.” With respect to my colleagues in the majority, the question of whether, based on his prior medical history, Powe should have anticipated and taken greater precaution against a sudden physical collapse of his knee was a question of fact to be resolved by the jury. The instruction fully accommodated that proposition, since it required the jury to find as a matter of fact that the collapse was “unexpected and unforeseeable” before it could apply the concept of unavoidable accident. There was substantial evidence presented concerning the condition of Powe’s knee, but there was no evidence that he had ever before experienced a sudden collapse of the nature he described to the jury. On the evidence in this record, a finding of fact that Powe had no good reason to think that his knee would unexpectedly buckle and cast him away from the boat’s controls was entirely within the realm of the jury’s discretion. I can see no difference between this case and one where a person driving a vehicle suddenly faints or is subjected to a disabling seizure and loses control of his vehicle, resulting in an accident. In such circumstance, a sudden, unanticipated, and unavoidable event is the proximate cause of the accident and thus does not give rise to a claim for negligence.
¶ 19. The instruction properly recited the applicable law and conditioned a result favorable to Powe on the jury’s resolving the critical disputed issues of fact in his favor. That is apparently what the jury did. Whether that verdict was against the weight of the evidence is another matter, but that question cannot be resolved by considering the manner in which this jury was instructed. It was not error to submit Powe’s theory of the case to the jury through an unavoidable accident instruction.
SOUTHWICK, P.J., joins this separate written opinion.